**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Aaron Ludwig,

        Plaintiff,

v.

State of Arizona and Donald Conrad,

        Defendants.

No. CV-16-03826-PHX-DGC

**ORDER**

       Defendants Donald Conrad and the State of Arizona have filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), asking the Court to dismiss Counts 1, 2, 4, and 5 of Plaintiff Aaron Ludwig's complaint.  Doc. 12.  The motion is fully briefed.  Docs. 19, 26.  No party requests oral argument.  The Court will deny the motion.

## I.     Background.

       Plaintiff was employed by the Arizona Attorney General's Office (AGO) as an Assistant Attorney General.  Doc. 1, ¶ 12.  In January 2015, Plaintiff was reprimanded by his superior, Defendant Conrad.  *Id.*, ¶ 13.  Two days later, Plaintiff was given the choice of resigning his position or being fired.  *Id.*, ¶ 14.  On January 30, 2015, Plaintiff resigned and physically handed over his official AGO badge and credentials to Conrad.  *Id.*, ¶ 15.  On May 1, 2015, Plaintiff, in an attempt to help his friend retrieve a towed vehicle, became involved in a dispute with the towing company's owner.  *Id.* ¶¶ 44-113.  During the dispute, Plaintiff presented his old business card to the towing company, which

identified him as "Chief of the Financial Remedies Section of the Attorney General's Office." *Id.*, ¶¶ 82-83, 113.  Plaintiff ultimately secured the release of his friend's vehicle. *Id.*, ¶¶ 108-10.

Later that day, the towing company owner called the AGO, objecting to the "agent" who "laid his badge on the counter" and was "using [his] color of authority to intimidate people." *Id.*, ¶¶ 114, 123.  The owner's call led to an investigation by the AGO and resulted in Plaintiff being charged with Criminal Impersonation.  *Id.*, ¶¶ 124, 158.  Plaintiff was served with a criminal summons on August 3, 2015. *Id.*, ¶ 157.  At the urging of Plaintiff's attorney, the Maricopa County Attorney's Office (MCAO) conducted an "investigation into the bona fides of the charge against [Plaintiff]." *Id.*, ¶ 192.  On October 22, 2015, following the investigation, the charges against Plaintiff were dismissed. *Id.*, ¶¶ 194-95.

On April 19, 2016, Plaintiff filed a notice of claim with the authorized service recipient at the AGO's main office.  Doc. 19 at 1.  It is undisputed that Plaintiff did not deliver a notice of claim to Defendant Conrad personally.  *See id.*; Doc. 12 at 2.  On October 20, 2016, Plaintiff filed this action in Maricopa County Superior Court.  Doc. 1-1 at 1.   Plaintiff alleged six counts: (1) malicious prosecution, (2) abuse of process, (3) deprivation of civil rights under color of state law, (4) liability under the theory of respondeat superior, (5) malicious abuse of discretion, and (6) violation of civil rights. *Id.*, ¶¶ 218-64.  Defendants removed the action to this Court.  Doc. 1

**II.    Legal Standard.**

Dismissal under Rule 12(c) is proper when "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The Court applies the "same standard of review" in ruling on a 12(c) motion as a Rule 12(b)(6) motion.  *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  Dismissal is appropriate if the complaint does not contain "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

**III.   Analysis.**

**A.   Defendants' motion is not premature.**

Rule 12(c) states that "after the pleadings are closed . . . a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Plaintiff argues that Defendants' motion is premature because Plaintiff may still be permitted to amend his complaint, and thus the pleadings are not yet closed.  Doc. 19 at 9.  Plaintiff is incorrect.  "[T]he pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming, as is the case here, that no counterclaim or cross-claim is made." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

**B.   Arizona's Notice of Claim Statute – A.R.S. § 12-821.01.**

Under Arizona's notice of claim statute, "[p]ersons who have claims against a public entity, public school or a public employee shall file claims with the person or persons authorized to accept service for the public entity, public school or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days" of when the action accrues.  A.R.S. § 12-821.01(A).  A claimant must serve both the employer and individual employee in accordance with the Arizona rules of civil procedure.  *Id.*; *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007); *Quade v. Arizona Bd. of Regents*, No. CV-15-00610-PHX-JJT, 2015 WL 10939902, at *5 (D. Ariz. Sept. 14, 2015).

Under Arizona Rule of Civil Procedure 4.1(d), the requirement for individual service is met where a copy of the notice of claim is (1) delivered to the employee, either in person or by mail, (2) left with a person of suitable age who is residing with the employee, or (3) served on a person who is authorized to accept service on behalf of the employee.  *Simon v. Maricopa Med. Ctr.*, 234 P.3d 623, 629 (Ariz. Ct. App. 2010) (citing Ariz. R. Civ. P. 4.1(d)).

If a plaintiff does not comply with A.R.S. § 12-821.01, his claim is statutorily barred. *Falcon ex rel. Sandoval v. Maricopa Cnty.*, 144 P.3d 1254, 1256 (2006). Strict compliance is required. "Failure to comply with the statute is not cured by actual notice or substantial compliance." *Harris*, 160 P.3d at 230; *Simon*, 234 P.3d at 630; *see also Baker v. City of Tempe*, No. CV-07-1553-PHX-MHM, 2008 WL 2277882 (D. Ariz. May 30, 2008). Because A.R.S. § 12-821.01 is a procedural requirement, it is "subject to waiver, estoppel, and equitable tolling." *Pritchard v. State*, 788 P.2d 1178, 1181 (Ariz. 1990).

Here, it is uncontested that Plaintiff did not deliver the notice of claim to Defendant Conrad in person or by mail. Doc. 12 at 2; Doc. 19 at 1-2. Thus, Plaintiff's state law claims against Defendant Conrad are barred unless Plaintiff can show that Conrad was served with the notice of claim through an authorized agent, that he waived his statutory right to be served, or that he should be equitably estopped from asserting the defense. *See Pritchard*, 788 P.2d at 1181.

Plaintiff asserts that "[f]ormal, personal service on AGO former employees is not required if the entity served has the authority, or *de facto* assumes the authority, to accept service." Doc. 19 at 6-7. He further asserts that the AGO is authorized to accept service because Conrad "was employed by the AGO at material times, and accepting service for its employees is what the AGO does." *Id.* Plaintiff submits an affidavit stating that he was named in a notice of claim while employed with the AGO and understood that service on the AGO was tantamount to service on him. Doc. 19-1, ¶¶ 4-5, 8. He further avers that he is "aware of at least two other circumstances involving attorneys in the [AGO] . . . who were named in Notices of Claim and who also were not personally served with Notices of Claim, but were represented by the AGO in subsequent proceedings." *Id.*, ¶ 9.

In reply, Defendants provide evidence rebutting Plaintiff's assertions about AGO's policies and practices. *See* Doc. 26 at 3-7. Defendants argue that "The [AGO] was not

1    Conrad's agent" and "was not authorized to accept service [for Conrad] under Rule
2    4.1(d)." *Id.* at 3-4.

3            The Court cannot consider the extrinsic evidence submitted by either side without
4    converting this Rule 12(c) motion to a motion for summary judgment, Fed. R. Civ. P.
5    12(d), something the Court will not do given the factual disagreement between the parties
6    and the possible need for discovery before summary judgment decisions are made.
7    Because Defendants have not shown that they are entitled to judgment on the pleadings,
8    the Court will deny their Rule 12(c) motion as to Defendant Conrad.  The Court will also
9    deny the motion as to the State of Arizona because it rests on dismissal of the claims
10   against Conrad.

11           The Court notes that Plaintiff has taken a directly opposite position before this
12   Court before, arguing that service of a notice of claim on the AGO was not service upon
13   him.  *See Taraska v. Ludwig*, No. CV-12-2544-PHX-DGC, 2013 WL 655124, at *4 (D.
14   Ariz. Feb. 21, 2013) ("Ludwig contends that he is entitled to dismissal of Plaintiffs'
15   claims because Plaintiffs failed to comply with Arizona's notice of claim statute.").
16   Although this inconsistency makes Plaintiff's position on this issue doubtful, the Court
17   cannot consider extrinsic evidence in ruling on a motion for judgment on the pleadings.[1]

18

19   _____

20           [1] Plaintiff also appears to argue that service under A.R.S. § 12-821.01 is excused
     because Conrad would have received actual knowledge of the notice of claim during the
21   State's evaluation of whether it was required to indemnify him under A.R.S. § 41-621.
     Doc. 19 at 3, 6.  But "[f]ailure to comply with [A.R.S. § 12-821.01] is not cured by actual
22   notice or substantial compliance." *Harris*, 160 P.3d at 230.  The notice of claim statute
     clearly requires formal service under the Arizona rules of civil procedure.  A.R.S. § 12-
23   821.01.  To the extent Plaintiff is arguing that the AGO's obligation to represent Conrad
     effectively resulted in acceptance of service by Conrad's counsel, Arizona law provides
24   that an attorney must be "authorized, either expressly or impliedly, to receive service of
     process for his client, and if such agency is to be implied, it must be implied from all
25   circumstances accompanying the attorney's appointment which indicate the extent of
     authority the client intended to confer."  *Kline v. Kline*, 212 P.3d 902, 908 (Ariz. Ct. App.
26   2009).  Thus, even if § 41-621 was met and the AGO was obligated to represent Conrad
     in this matter, Plaintiff would still be required to show that the AGO was authorized to
27   accept service on Conrad's behalf.

28

1       **IT IS ORDERED** that Defendants' Motion for Judgment on the Pleadings

2    (Doc. 12) is **denied**.

3       Dated this 6th day of March, 2017.

4

5

6

7                                David G. Campbell

8                        United States District Judge