**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Ludwig,<br><br>            Plaintiff,<br><br>v.<br><br>State of Arizona and Donald Conrad,<br><br>           Defendants. | No. CV-16-03826-PHX-DGC<br><br>**ORDER** |

On February 22, 2018, the Court issued an order granting Defendants' motion for summary judgment. Doc. 98. The Clerk entered judgment accordingly. Doc. 99. Plaintiff now moves under Rule 59(e) to alter the order and judgment. Doc. 106. Defendants responded. Doc. 108. The motion will be denied.

Rule 59(e) permits alteration or amendment in four circumstances: (1) newly discovered evidence has been presented, (2) the Court committed clear error, (3) the judgment is manifestly unjust, or (4) there is an intervening change in controlling law. *See United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Plaintiff makes five arguments, none of which establishes these circumstances.

Plaintiff first argues that the Court's order incorrectly found that collateral estoppel precluded him from rearguing the issue of probable cause. Doc. 106 at 2-5. Plaintiff made, and the Court rejected, this same argument in deciding on the summary

1 judgment motions. *See* Doc. 98 at 7-8 (finding each element of collateral estoppel satisfied). Plaintiff has not shown clear error.

Plaintiff next argues that in Arizona felony cases, probable cause must be determined by a grand jury or at a preliminary hearing, but neither method was used for his felony charge. Doc. 106 at 4-5. The Court found that Plaintiff was collaterally estopped from asserting a lack of probable cause because that issue was resolved in a state court proceeding that resulted in a final judgment affirmed by the Arizona Court of Appeals. Doc. 98. Given the existence of the state court proceeding – which Plaintiff initiated – the usual way for determining probable cause in felony cases simply is not relevant in this case.

Third, Plaintiff argues that the statute under which he was charged, A.R.S. § 13-2006, is unconstitutional. Doc. 106 at 5-7. Plaintiff did not challenge this statute in his complaint. *See* Doc. 1-1. Plaintiff first attempted to do so in a supplemental brief submitted after the parties' cross-motions for summary judgment were fully briefed. *See* Doc. 96. The Court did not consider the untimely argument in ruling on summary judgment because it was irrelevant to the claims Plaintiff actually alleged. For the same reasons, the Court will not consider it now.

Fourth, Plaintiff asserts that his actions did not constitute a violation of § 13-2006. Doc. 106 at 7-8. But the Court's order was not based on such a conclusion. Whether Plaintiff violated the statute is irrelevant to the Court's holding that Plaintiff is collaterally estopped from arguing that the criminal charge was not supported by probable cause.

Plaintiff's final argument again asserts that he did not violate § 13-2006 and that the statute is unconstitutional. These issues are irrelevant to the Court's analysis, and therefore do not warrant alteration or amendment under Rule 59(e).

Defendants ask the Court to reconsider their request for attorneys' fees under 42 U.S.C. § 1988 and A.R.S. § 12-349. Doc. 108 at 4. The Court considered and denied this request, and the time for reconsideration has expired. *See* LRCiv. 7.2(g).

1     **IT IS ORDERED** that Plaintiff's motion to alter or amend judgment (Doc. 106) is **denied**. Defendants' request for attorneys' fees is **denied**.

Dated this 3rd day of April, 2018.

/s/ Daniel G. Campbell
David G. Campbell
United States District Judge